416 A.2d 543

**COMMONWEALTH of Pennsylvania**

v.

**Harry Edward GIBSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Dec. 7, 1979.

452

Leo H. Eschbach, Pottstown, for appellant.

James A. Cunningham, Assistant District Attorney, Pottstown, for Commonwealth, appellee.

Before HESTER, HOFFMAN, and CATANIA, JJ.*

HOFFMAN, Judge:

On March 14, 1978, a jury convicted appellant of one count each of forgery and escape. After denying post-verdict motions, the trial court sentenced appellant to concurrent terms of imprisonment of 2½ to 7 years on each count. Appellant contends that the evidence is insufficient to support the verdicts and that the trial court erred in its instructions. We find the evidence insufficient to sustain the verdict on forgery and otherwise affirm.

Appellant entered a branch of the Bank of Pennsylvania and presented a check for $150.00, payable to cash. The check was signed and endorsed in the name of Elsworth Kutz. When the teller requested that appellant produce identification, appellant replied that he had left his wallet at home. The teller directed him to the branch supervisor, who also refused to cash the check. Appellant then left. Elsworth Kutz testified that he had never written a check for $150.00 and that, when he received a call from the bank after appellant's departure, he noticed that some of his checks were missing. The Commonwealth did not introduce the check.

One month later, Officer Clinton Stofflet of the Douglass Township Police Department took appellant into custody and handcuffed him. Stofflet brought appellant to the Township Building, where the officer removed the handcuffs and took finger prints and photographs of appellant. When Stofflet turned his back, appellant ran through an unlocked door and out of the building, but was soon apprehended.

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

## I

Appellant argues that the evidence is insufficient to prove that he committed a forgery because the Commonwealth did not show that he forged the check or knew that the check was forged. 18 Pa.C.S.A. § 4101 provides:

§ 4101. Forgery

(a) Offense defined.—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

■ Kutz's testimony that he had not written the check and that some of his checks were missing does not prove that appellant signed the check or that he knew it was forged. The evidence just as easily supports an inference that appellant found the check or received it from someone else. Nor do the circumstances show guilt. Appellant did not have any previous connection with Kutz through which he might have obtained the check. He did not purport to be Kutz. He did not leave the bank when asked for identification or engage in any other suspicious behavior. Thus, his conviction rests on the fact, standing alone, that he sought to cash a check signed in Kutz's name but which Kutz had not written. Appellant's possession of the check, in itself, does not justify a conclusion that he forged the check or knew that it was forged. *See Commonwealth v. Horton*, 465 Pa. 213, 348 A.2d 728 (1975) (evidence that defendant sought to cash check from defunct organization insufficient to prove intent to defraud or knowledge that drawer had

insufficient funds for payment); *Commonwealth v. Anderson*, 237 Pa.Super. 208, 352 A.2d 92 (1975) (filing of affidavit with forged name insufficient to prove knowledge that name was forged); *Commonwealth v. Rothman*, 226 Pa.Super. 319, 310 A.2d 353 (1973) (mere possession of forged check would be insufficient for forgery conviction, but facts that defendant formerly worked for company on which check was drawn and that he departed from bank when asked for identification supported conviction); *Commonwealth v. Wyoda*, 44 Pa.Super. 552 (1910) (mere fact that defendant possessed forged instruments insufficient to prove that he knew that they were forged).

■ Appellant was charged with altering a writing under subsection (1) of 18 Pa.C.S.A. § 4101(a), but the trial court sustained a demurrer to that charge. Because the evidence does not prove that appellant knew that the check was forged, he cannot be convicted under subsection (3). Thus, appellant's conviction may stand only if the evidence shows that, under subsection (2), he "transferred" a writing so that the writing purported to be the "act of another who did not authorize that act." Because we have concluded that the facts could justify a finding that appellant found the check already signed and endorsed, or received it from a third person, appellant, in presenting the check for payment, would not have been transferring it so that it purported to be a writing without authorization of the maker.

Appellant's attempt to cash the check may have been a crime, but the crime was not forgery. Theft, or theft by deception, 18 Pa.C.S.A. §§ 3921 and 3922, appear to fit the facts. The Commonwealth could have proceeded under these provisions in place of, or in addition to, the forgery charge. The Commonwealth, however, brought only the forgery charge and we conclude that the evidence is insufficient to support conviction on that charge.[1]

1. Appellant also raises several claims concerning introduction of evidence on the forgery charge. Because of our disposition, we do not consider these claims.

## II

■ Appellant also contends that the evidence is insufficient to sustain his conviction for escape because he was not in "detention." 18 Pa.C.S.A. § 5121 provides:

(a) Escape. A person commits an offense if he unlawfully removes himself from official detention . . . .

(e) Definition. As used in this section the phrase "official detention" means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes. . . .

According to Officer Stofflet, appellant had been placed "in custody," handcuffed, brought to the Township Building and had his fingerprints and photographs taken. This evidence is sufficient to justify the jury's conclusion that appellant was in "detention" at the time of his escape.

■ Finally, appellant argues that the trial court erred in its instructions on "detention." The court instructed that detention was "arrest, but it includes something less than that, it includes any official detention made by a law enforcement officer." This language closely corresponded to the statutory definition of detention and, therefore, was sufficient. *See Commonwealth v. McLellan*, 270 Pa.Super. 597, 411 A.2d 1246 (1979); *Commonwealth v. Reston*, 224 Pa.Super. 80, 302 A.2d 428 (1973).

We vacate judgment of sentence and discharge appellant on the charge of forgery and affirm judgment on the charge of escape. Accordingly, we remand for resentencing on the conviction for escape. *See Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978); *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).