## Commonwealth v. Petrilla

*George B. Kaufman, assistant district attorney,* for the Commonwealth.

*L. Edward Glass,* for defendant.

SHAULIS, *J.,* May 20, 1985—This matter is before the court en banc on defendant's motion for a new trial and motion for arrest of judgment following defendant's conviction after a nonjury trial before Judge Norman A. Shaulis on October 25, 1984 on charges of disorderly conduct and escape.

Defendant first argues that his conduct in removing himself from the presence of a police officer attempting to issue him a citation for disorderly conduct was not sufficient to constitute the offense of escape under the Pennsylvania Crimes Code. We cannot agree. A person commits the offense of escape "if he unlawfully removes himself from official detention. . . ." 18 Pa.C.S. §5121(a). Furthermore, "official detention" includes arrest or "any other detention for law enforcement purposes," 18 Pa.C.S. §5121(e), and it includes any official detention made by a law enforcement officer. Commonwealth v. Gibson, 272 Pa. Super. 451, 416 A.2d 543 (1979); Commonwealth v. Lenhart, 34 Somerset L. J. 270 (1977). Moreover, this court has found that the stop of a motorist to issue a citation, while not an arrest, is certainly a detentive seizure of the person for law enforcement purposes. Commonwealth v. Caton, 34 Somerset L. J. 333, 339 (1977). We therefore conclude that defendant's conduct in running away from Officer Cannoni when he attempted to issue him a citation for disorderly conduct was an escape from official detention and a violation of the Crimes Code. Accordingly, defendant's motion for a new trial must be denied.

Finally, we can find no merit to defendant's motion for arrest of judgment. Having concluded that

defendant's conduct constituted an escape from official detention, we believe the evidence was sufficient to sustain his conviction on the escape charge. In addition, we also find that Officer Cannoni's testimony regarding his observation of defendant setting off a firecracker in a metal garbage container was sufficient to sustain defendant's conviction for disorderly conduct under the Crimes Code, 18 Pa.C.S. §5503(a)(2) and (4). Accordingly, defendant's motion for arrest of judgment must be denied.

### ORDER

Now, this May 20, 1985, defendant's motions for new trial and arrest of judgment are denied. Defendant shall be scheduled for sentencing sec. reg.