571 A.2d 423

**COMMONWEALTH of Pennsylvania**

v.

**Fay WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 1990.

Filed March 7, 1990.

390

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before McEWEN, TAMILIA and FORD ELLIOTT, JJ.

TAMILIA, Judge:

On October 18, 1988, at approximately 3:15 p.m., Sister Mary Peter purchased a $22 postal money order at the United States Post Office on 24th and Snyder Avenue in Philadelphia. As she left the building, her purse with the blank money order inside was stolen by two young men who grabbed it and fled. Immediately thereafter, appellant and Cara Foster were approached by the two men and asked if they wanted to buy a money order. Appellant asked how much the men wanted for it and was told ten dollars; they claimed it was not stolen but they had to sell it because they had no identification to cash it. Appellant knew one of the men to be a drug user and claims she assumed he wanted to sell the money order quickly to buy drugs.

Appellant purchased the money order and took it to the post office to cash it after writing in her name as both

purchaser and payee. The postal clerk questioned appellant when she presented it for payment and appellant told the clerk her son picked it up a week earlier and she had no identification with her. At that point, John Condart, the clerk who sold Sister Mary the money order, walked over and recognized it, knowing it had been stolen immediately after Sister Mary left the building.

Appellant was arrested and charged with forgery and related offenses. She was tried by the court without a jury, found guilty of forgery,[1] attempted theft by deception[2] and receiving stolen property[3] and sentenced to concurrent terms of probation of two years, six months and six months respectively.

The sole issue on appeal is whether appellant can be convicted of forgery where she signed her own name to the blank money order and presented it for payment personally, not purporting to be someone else. The trial court, finding this case to be one of first impression in Pennsylvania,[4] found appellant guilty of forgery under 18 Pa.C.S. § 4101(a)(2) for signing the money order and holding herself out as the original purchaser and payee with the intent to defraud the original purchaser. For the reasons that follow, we agree with the trial court and affirm the judgment of sentence.

The section of the forgery statute under which appellant was convicted reads as follows:

(a) Offense defined.—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

1. 18 Pa.C.S. § 4101.
2. 18 Pa.C.S. § 3922.
3. 18 Pa.C.S. § 3925.
4. Appellant, unable to find any cases on point, also labels this case as one of first impression in Pennsylvania. The Commonwealth, in disregard of the Rules of Appellate Procedure, failed to file a brief in this matter.

. . . .

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed;

18 Pa.C.S. § 4101(a)(2).

There is no reasonable dispute that appellant had the intent to defraud when she attempted to cash a money order purchased on the street from a known drug user for less than half the face value. The trial court found appellant's testimony—that she believed the drug user when he said it was not stolen—to be incredible, especially in light of the fact that she lied when the postal clerk questioned her about how and when she purchased the money order. Moreover, appellant does not challenge her conviction for attempted theft by deception which requires an intent to defraud by deception.[5] Thus, our review is narrowed to determining whether appellant's filling in the blank money order and signing it purported to be the act of another who did not authorize the act.

The trial court found *Commonwealth v. Rosenzweig*, 514 Pa. 111, 522 A.2d 1088 (1987), to be instructive although we find it is not dispositive. Rosenzweig had been arrested

---

5. § 3922. Theft by deception

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

18 Pa.C.S. § 3922.

and charged with forgery and related charges after it had been discovered he was depositing his employer's coupon reimbursement checks into his own account which required his personal endorsement on the back. The Supreme Court found that Rosenzweig could be convicted of forgery if it was proven, as the Commonwealth alleged, he endorsed his employer's name on the back of the checks without the employer's knowledge or authority. The fact that Rosenzweig allegedly endorsed his employer's name on the back of the checks makes it a classic forgery situation which is dissimilar from the instant case.

Conversely, in the case of *Commonwealth v. Gibson*, 272 Pa.Super. 451, 416 A.2d 543 (1979), defendant Gibson entered a bank and presented a check for $150, payable to cash, which was signed and endorsed in the name of Elsworth Kutz. When the teller and bank manager refused to cash the check without identification, Gibson left but was later arrested and convicted of forgery. On appeal we vacated the forgery conviction because there was no evidence proving Gibson had actually signed Kutz's name; he merely presented the check for payment. We found that appellant's attempt to cash the check may have amounted to theft or theft by deception but not forgery.

The instant case falls between *Rosenzweig, supra,* and *Gibson, supra,* as appellant did not sign another's name to the money order but, by filling in the blank money order with her name as original purchaser and payee, she did more than just present it for payment. Appellant claims we must distinguish between false execution and false representation, the former being forgery and the latter not. After reviewing the statute, we find appellant committed both a false execution and a false representation.

We have already stated that appellant had the intent to defraud when she attempted to cash the money order and the only issue left is whether her actions fit within section 4101(a)(2) which states a person is guilty of forgery if he "makes, completes, executes ... any writing so that it purports to be the act of another who did not authorize that

act...." Appellant's act of writing her name and address in the blank purchaser and payee sections of the money order and signing on the back amounted to a making, completion or execution of a writing. In so doing, she purported to be the original purchaser of the money order when, in fact, she was not the purchaser and did not have authorization from the purchaser to name herself as payee. Thus, she made a false execution in completing the blank money order with her name as payee and endorsing the back, and she made a false representation by purporting to be the purchaser of the instrument with authorization to name herself as payee.

Our analysis is in accord with *Commonwealth v. Zabala*, 303 Pa.Super. 72, 449 A.2d 583 (1982), which is factually the most similar to the instant case. In *Zabala* the defendant used stolen Traveler's Express money orders to purchase goods at various locations. Defendant identified himself to the store clerks as Richard Swan and signed the money orders as such. When the stores attempted to deposit the money orders, payment was refused because they were stolen and a stop payment order had been issued. Zabala was convicted of forgery and theft by deception which he appealed, arguing the forgery statute could not be violated by the signing of a fictitious name. We said:

> The money orders passed at the stores in Lansdale on May 12, 1979 were among those stolen from the Gayman Check Cashing Agency on November 30, 1977. Payment had been stopped on the money orders because they were stolen. Therefore, there was intended to be *no* payee on any of the money orders.... [R]egardless of whether "Richard Swan" is an actual person, he did not exist "... in the sense that he was not intended to be the payee, ..." [*Commonwealth v. Globe Indemnity Co.*, 323 Pa. 261, 266, 185 A. 796, 796 (1936),] because *no one* was intended to be the payee.

*Id.* 303 Pa.Super. at 82, 449 A.2d at 588 (emphasis in original).

Therefore, *any* name the defendant in *Zabala* would have used to sign as the payee would have been a forgery since there was *no* intended payee. Similarly, when appellant in the instant case signed her own name as payee, it was a forgery as she was not the purchaser's intended payee. Appellant would have been guilty of attempted theft by deception and nothing else if she had merely presented a *completed* money order and represented herself as the intended payee. Her act of completing the money order herself and filling in her name as purchaser and payee and signing as payee makes this a case of forgery as well as attempted theft by deception; therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.