## Commonwealth. v. Duncan

*Jonathan R. Birabeck, assistant district attorney,* for the Commonwealth.

*Arla M. Waller,* for defendant.

BAYLEY, *J.,* November 9, 1992—Defendant, Diallo Sieko Duncan, is charged with a count of escape in violation of 18 Pa.C.S. §5121(a), that provides:

*"Escape*—A person commits an offense if he *unlawfully removes himself from official detention* or fails to return to official detention following temporary leave granted for a specific purpose or limited period. (emphasis added)[1]

Subsection (e) of section 5121 provides:

*"Definition*—As used in this section *the phrase 'official detention' means arrest,* detention in any facility for custody of persons under charge of conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, *or any other detention for law*

___

1. The charge is graded a misdemeanor of the second degree under section 5121(d)(2). We granted defendant's motion for a demurrer on an additional charge of resisting arrest under 18 Pa.C.S. §5104.

*enforcement purposes,* but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail. (emphasis added)

The evidence of Officer Robert L. Pinti of the East Pennsboro Township Police, which we find credible, was as follows: On March 18, 1992, while in uniform and on patrol in a marked police car, he observed defendant. He made a radio check which confirmed his belief that there were three outstanding summary arrest warrants for defendant. One was for trespass in East Pennsboro Township, and the other two were for harassment and trespass in Lower Allen Township. Officer Pinti approached defendant who was sitting on a wall outside of a UniMart. He got out of his car and told defendant there were active outstanding warrants for his arrest. Defendant told the officer that he had taken care of the warrants before a district justice. The officer, who was standing about 10 feet from defendant, advised defendant that the warrants were still active, that he was under arrest, and would have to accompany him.[2] Defendant stood up and told the officer, "I don't think so," and started running. The officer did not touch defendant before he ran. He took a few steps after him but realized he was not going to be able to catch him. Defendant left the scene and was not apprehended on the warrants until another day.[3]

Citing *Commonwealth v. Reinhart,* 3 D.&C.4th 134 (1989), defendant maintains his conduct did not, as a

2. The warrants were outstanding at the time.

3. Defendant testified, that when Officer Pinti told him he was coming with him, he said, "I ain't going nowhere," and he ran because "he and the East Pennsboro Police Department didn't get along."

matter of law, constitute escape under section 5121 of the Crimes Code.[4] In *Reinhart,* a police officer, while looking for defendant against whom there were active arrest warrants, pulled his car over for speeding. As the vehicle pulled to the side of the road, defendant exited from the front passenger door, running into the adjoining fields. The officer yelled at him from approximately 25 feet away, "stop, you are under arrest!" Defendant ignored this order to stop and kept running. He was later apprehended and charged with escape. The Bucks County Court granted defendant's motion for an arrest of judgment, noting that a definition of official detention in section 5121 is an arrest, and stated:

"It is well-established in Pennsylvania that an arrest is accomplished by any act that indicates an intention to take a person into custody and that subjects him to the actual control and will of the person making the arrest. *Commonwealth v. Bosurgi,* 411 Pa. 56, 68, 190 A.2d 304, 311 (1963); *Commonwealth v. Woodson,* 342 Pa. Super. 392, 395, 493 A.2d 78, 79 (1985). Although it is clear that Officer Kingsdorf intended to take defendant into custody, defendant was not subject to the actual control and will of the officer.... Under the facts of the case at bar, we are unable to find that defendant was in official detention. The act of calling out 'stop, you are under arrest!' while defendant ran through the field amounted merely to an attempt to detain him. At no time did Officer Kingsdorf have seizure or control over defendant's person."

---

4. 18 Pa.C.S. §5121.

The Commonwealth, maintaining that defendant did escape from official detention, cites *Commonwealth v. Petrilla,* 39 D.&C.3d 583 (1985). In *Petrilla* at 584, defendant maintained "that his conduct in removing himself from the presence of a police officer attempting to issue him a citation for disorderly conduct was not sufficient to constitute the offense of escape." The court, noting that official detention includes arrest or any other detention for law enforcement purposes, stated:

"Moreover, this court has found that the stop of a motorist to issue a citation, while not an arrest, is certainly a detentive seizure of the person for law enforcement purposes.... We therefore conclude that defendant's conduct in running away from Officer Cannoni when he attempted to issue him a citation for disorderly conduct was an escape from official detention and a violation of the Crimes Code." *Id.* (citations omitted.)

The Bucks County Court in *Reinhart,* referring to *Petrilla,* simply stated: "Unfortunately, we do not know any of the underlying facts of this case."

In *Commonwealth v. Gibson,* 272 Pa. Super. 451, 456, 416 A.2d 543, 545 (1979), where a defendant had been placed in custody, handcuffed and brought to a police station, and then escaped, the Superior Court affirming the conviction, stated:

"Finally, appellant argues that the trial court erred in its instructions on 'detention.' The court instructed that detention was 'arrest, but it includes something less than that it includes an official detention made by a law enforcement officer.' This language closely corresponded to the statutory definition of detention and, therefore, was sufficient."

Thus, we must determine in the present case if, when defendant ran from Officer Pinti, he was either under "arrest" pursuant to section 5121 of the Crimes Code "or any other detention for law enforcement purposes" as the term "official detention" is defined in that section. We have no trouble concluding that defendant unlawfully removed himself from official detention. He had been told he was under arrest on outstanding warrants and would have to go with the officer. That form of official detention is called custody. Furthermore, on the facts of this case, we are not willing to split hairs by saying the officer had to actually physically restrain defendant in order to arrest him. When defendant, (1) was told he was under arrest and the reason for that arrest, and (2) was told he would have to accompany an officer who was standing 10 feet from him, he was obviously not free to leave. He had been detained by a show of authority whereby he could not have reasonably believed he was free to leave, therefore, he was subject to the actual control and will of the officer from whom he then unlawfully removed himself. By comparison, the test for determining whether a person is in custody for *Miranda* purposes is whether he is physically deprived of his freedom of action in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted.[5] *Commonwealth v. Medley,* 531 Pa. 279, 612 A.2d 430 (1992). Certainly, after having placed defendant under arrest, he was, at the very least, in custody for the purposes of *Miranda,* therefore, that alone was "detention for law enforcement purposes"

---

5. *Miranda v. Arizona,* 384 U.S. 436 (1966)

which is a type of official detention defined in section 5121(e). Accordingly, the following verdict is entered.

VERDICT

And now, November 9, 1992, I find defendant guilty of escape.