J-S61009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHELLE LONG | |
| Appellant | No. 621 MDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001656-2014

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 15, 2015**

Appellant, Michelle Long, appeals from the judgment of sentence entered after she was convicted of various crimes arising from her presentation of a forged commercial lease at an arbitration hearing.  Long argues that the conviction should be overturned as she believes that no evidence was presented to prove that she knew the lease was forged.  In the alternative, she contends that the trial court erred in allowing the Commonwealth to correct the criminal information to identify the date of the arbitration hearing in 2009, as opposed to original information's identification of the same date in 2014.  We conclude that none of Long's issues on appeal merit relief, and therefore affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Long leased a commercial property from Eleftherios and Theodora Lagonis. The lease document was signed by each of the three parties. Eventually, a dispute arose between Long and the Lagonises over the term of the lease. Long contended that the lease ended on March 1, 2009, while the Lagonises believed that the lease ended on October 31, 2009.

The Lagonises filed a complaint against Long, seeking payment of rent from March, 2009 through October 2009. An arbitration hearing on the complaint was held on November 9, 2009. At this hearing, the Lagonises presented a copy of the lease that indicated that the lease would end on October 31, 2009, and that Long would be responsible for paying utilities to the leased property. In contrast, Long presented a copy of the lease that indicated the lease would end on March 1, 2009, and also lacking the provision regarding utilities. The arbitrators found in favor of the Lagonises and awarded them $28,498.79 in damages.

In May 2014, the Commonwealth of Pennsylvania charged Long with one count of forgery based upon her actions at the arbitration hearing. The criminal complaint filed against Long identified the date that Long offered the forgery as November 9, 2009. However, the criminal information subsequently filed by the Commonwealth initially indicated that the date of the offense was November 9, 2014.

At trial, the Commonwealth presented evidence that the copy of the lease proffered by Long misspelled Eleftherios's name, had improperly

aligned margins on the first page, and lacked the final provision regarding utilities. Furthermore, the Commonwealth presented the testimony of the Lagonises' daughter, Nicolletta, who admitted to authoring the lease based upon a template used by her father's lawyer. The Lagonises' copy of the lease spelled Eleftherios's name correctly, had proper margins on the first page, and contained the final provision regarding utilities.

The jury convicted Long of forgery, and the trial court sentenced her to a term of probation of two years. The trial court denied Long's post-sentence motions, and this timely appeal followed.

On appeal, Long raises four issues for our review. However, issues one and two are related, while issue four is merely a slight variation of her argument on issue three. We will address Long's claims in order.

In her first issue on appeal, Long argues that the evidence at trial was insufficient to support her conviction for knowingly presenting a forged document. In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Cooper*, 941 A.2d 655, 662 (Pa. 2007) (citation omitted). Our scope of review is plenary. *See Commonwealth v. Weston*, 749 A.2d 458, 460 n.8 (Pa. 2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as

the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none of the evidence submitted. **See Cooper**, 941 A.2d at 662. The Commonwealth may sustain its burden of proving every element of an offense by means of wholly circumstantial evidence. **See Commonwealth v. Garland**, 63 A.3d 339, 345 (Pa. Super. 2013).

Long was convicted of knowingly presenting a forged document with the intent to defraud another person. **See** 18 Pa.C.S.A. § 4101(3). Long contends that the evidence at trial was insufficient to establish that she knew the lease she proffered at the arbitration hearing was a forgery. In support, Long properly notes that the mere fact that she possessed the forged lease was not sufficient to establish that she knew it was forged. **See Commonwealth v. Gibson**, 416 A.2d 543, 545 (Pa. Super. 1979).

However, the fact that the defendant knew a document was forged can be established by purely circumstantial evidence. **See Commonwealth v. Orie**, 88 A.3d 983, 1015 (Pa. Super. 2014). In **Orie**, this Court found the evidence sufficient to sustain a finding of knowledge that a document was forged based upon evidence that the document had been in the sole control of the defendant prior to trial, a stipulation that her attorney had not altered the document, that the alterations in the forged document were beneficial to the defendant's case, and that the defendant authenticated the document at trial. **See id**.

Here, Long admitted that she gave the forged lease to her attorney in preparation for the arbitration hearing. *See* N.T., Trial , 2/5/15, at 118. Long's attorney at the arbitration, David Warner, Esquire, testified that he argued that the forged lease was the true and correct lease during the arbitration hearing. *See id*., at 75. Attorney Warner further testified that the forged lease was the document he received from Long prior to trial. *See id*., at 81. Finally, Attorney Warner testified that the forged lease was beneficial to Long's case prior to and at the arbitration hearing. *See id*., at 79. Therefore, under *Orie*, the evidence was sufficient to allow the jury to infer that Long knew the lease was forged when she submitted it to the arbitration panel. Long's first argument on appeal therefore merits no relief.

Next, Long argues that her conviction for forgery was against the weight of the evidence. Our standard of review applicable to a challenge to the weight of the evidence, is as follows.

> [A] verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. … The role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.
>
> Significantly, in a challenge to the weight of the evidence, the function of an appellate court … is to review the trial court's exercise of discretion based upon a review of the record, rather

than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009) (internal citations and quotation marks omitted).

In addressing Long's claim that the verdict was against the weight of the evidence, the trial court provided the following reasoning.

The Commonwealth presented the testimony of [Mr. Lagonis,] Mrs. Lagonis, and Nicolletta Lagonis … All three witnesses testified that it [is] their practice to set the lease term on all of their leased properties for two (2) years. They also testified that there were differences between the original lease agreement that they presented at arbitration and the one Defendant presented. For instance, on the first page of Defendant's lease agreement, [Mr. Lagonis's] name is misspelled, the margins are inconsistent, the addendum on the signature page is missing, [Mr. Lagonis's] signature is not consistent with his signature, and the lease mentions a two (2) year lease term in other sections. The dates were also inconsistent with the business practice of [Mr. Lagonis.] The leases always start on the first of the month and end on the last day of the month.

… Attorney David Warner … also testified. Attorney Warner was Defendant's lawyer in the civil suit and represented her at the arbitration hearing. He testified Defendant provided him with the lease agreement for the arbitration hearing. He had not seen the agreement prior to receiving Defendant's copy. Detective Keith Ulrich … of the Lebanon City Police Department, testified that [Mr. Lagonis] brought the alleged forged document to the police sometime after the arbitration hearing. Detective Ulrich informed [Mr. Lagonis] the he would not receive monetary compensation for bringing criminal charges against Defendant. Detective Ulrich spoke with Defendant during his investigation

- 6 -

and she told him that the Lagonis family had planted the altered lease in her office.

The Commonwealth also presented the Lagonis's original lease agreement and the copy of a lease agreement that Defendant presented at the arbitration hearing to the jury. The jury was able to look at both leases and determine if they believed one of the two to be forged. While Defendant testified that she did not make any changes to the document that she presented as the lease agreement, the jury was able to take all of the evidence presented and weight it how they saw fit. The jury's verdict was not "so contrary to the evidence as to shock one's sense of justice."

Trial Court Opinion, 5/13/15, at 5-6. After an independent review of the transcripts and record, we cannot conclude that the trial court's reasoning constitutes an abuse of discretion. Long's second issue on appeal therefore merits no relief.

In her third issue on appeal, Long argues that the trial court erred in permitting the Commonwealth to amend, after the close of its case, the filed criminal information. As noted above, the initial criminal information indicated that Long presented the forged lease at an arbitration hearing on November 9, 2014. The correct date of the alleged offense was November 9, 2009, and all the Commonwealth's evidence pertained to that date. Furthermore, the criminal complaint filed against Long correctly identified the date of the crime.

After the close of the Commonwealth's case, Long moved for a judgment of acquittal based upon the discrepancy between the information and the evidence at trial. The trial court took the motion under advisement,

and proceeded to hear Long's case in defense. At the close of all testimony, Long again moved for acquittal on these grounds. This time, the trial court denied the motion and permitted, over Long's objection, the Commonwealth to amend the information.

Long argues that the modification of the information after the close of evidence violated the Pennsylvania Rules of Criminal Procedure. Pennsylvania Rule of Criminal Procedure 564 empowers the trial court to permit amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. Moreover, "[u]pon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice." **Id**. "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." **Commonwealth v. Sinclair**, 897 A.2d 1218, 1221 (Pa. Super. 2006). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of the procedural rules." **Commonwealth v. Grekis**, 601 A.2d 1284, 1288 (Pa. Super. 1992).

The factors the trial court must consider in determining whether an amendment is prejudicial are:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Id*. (citation omitted).

Long argues that the trial court's order allowing an amendment of the information "prejudiced Appellant's ability to prepare a defense" due to the timing of the amendment. Appellant's Brief, at 17. However, Long does not specify how she would have changed defense strategy or how she was actually surprised by the evidence presented at trial. Absent such specifics, we must conclude that Long has failed to establish that the amendment caused her any undue prejudice. Long's third issue on appeal therefore merits no relief.

In her final issue, Long recasts her argument against the modification of the information in the form of a claim that the information was constitutionally infirm. Specifically, Long claims that her due process rights were violated by the failure of the information to provide reasonable certainty as to the time, place, and circumstances of the charges alleged. Once again, we conclude that the trial court correctly determined that Long was not surprised by the evidence the Commonwealth presented at trial. As

such, she had notice of the allegations against her. Thus, there was no due process violation, and Long's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2015