J-S09024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM PEARSON | |
| Appellant | No. 3661 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006686-2014

BEFORE: SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED MAY 23, 2017**

Appellant, Adam Pearson, appeals from the August 31, 2015 judgment of sentence imposing concurrent sentences of 48 months of probation for theft by unlawful taking, theft by deception, and forgery.[1] We affirm in part and vacate in part.

The trial court summarized the facts in its Pa.R.A.P. 1925(a) opinion:

> On December 7, 2013, [Appellant] went to the Check and Cash Express at 227 West Lehigh Avenue where he presented to the teller a check for $3,500.00 purportedly issued to him from his former employer, SarahCare Home Health Agency. The check was dated December 7, 2013 and had the word "Commission" printed in the memo line. Since the teller lacked

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921, 3922, and 4101, respectively. The trial court imposed no further penalty for bad checks (18 Pa.C.S.A. § 4105).

enough cash on hand, the teller consulted Debbie Pastrana. Ms. Pastrana is the cash-checking agent at Check and Cash Express responsible for keeping and maintaining the records of the business. Ms. Pastrana then came to the window with the money and cashed the check for Mr. Pearson. Check and Cash Express had contacted SarahCare in the past to verify checks issued to [Appellant]. Ms. Pastrana testified that she did not call to verify the $3,500.00 check because [Appellant] was a regular customer who had previously cashed checks issued to him by SarahCare without issue. Also, the signature, routing number, and account number on the check matched previous checks. A few days after cashing the check, Ms. Pastrana received information from First Trust Bank that the $3,500.00 check had been returned unpaid.

Arsen Ustayev, the owner of SarahCare, testified that [Appellant] was employed as a home health aide with SarahCare from June 2013 until November 22, 2013. Mr. Ustayev stated that [Appellant] was not employed in a position where he would receive any bonuses or any other form of special compensation such as commission. The last check SarahCare issued to [Appellant] was numbered 18313 dated November 29, 2013. The memo line of that check sated, "Pay Period: 11/09/2013—11/22/2013. Mr. Ustayev also compared the $3,500.00 check to the valid check from November 29, 2013. Unlike the previous checks issued to [Appellant] by SarahCare, the $3,500.00 check did not have the phone number for SarahCare printed on it, nor did it contain the usual instruction "Check Cashing Stores Must Call to Verify." The $3,500.00 check was also completely out of sequence with the valid check dated November 29, 2013.

Trial Court Opinion, 5/25/2016, at 1-2.

The trial court found Appellant guilty of the aforementioned offenses after an April 7, 2015 bench trial. The trial court imposed sentence on August 13, 2015 and Appellant filed a timely post-sentence motion on

August 24, 2015.[2]  The trial court denied the post-sentence motion on November 18, 2015, and Appellant filed this timely appeal on December 4, 2015.

Appellant raises four assertions of error:

1. Was not the evidence insufficient to sustain [Appellant's] conviction for forgery insofar as the Commonwealth failed to establish that [Appellant] knew the check he possessed was fraudulent, where he merely presented a payroll check at the check cashing store at which he was a regular customer and at which he had previously cashed numerous checks made out by the same employer, and exhibited no suspicious behavior?

2. Was not the evidence insufficient to support [Appellant's] convictions for theft by unlawful taking and theft by deception where the Commonwealth failed to prove either that [Appellant] intended to deprive anyone of any money or that he intentionally obtained or withheld property of another by deception, where he merely presented a payroll check at the check cashing store at which he was a regular customer and at which he had previously cashed numerous checks made out by the same employer?

3. Was not the evidence insufficient to establish [Appellant's] guilt of passing bad checks where there was no evidence that [Appellant] knew the check would not be honored, as he presented a facially valid check to a check cashing agency where he was a regular customer and at which he had previously cashed numerous payroll checks made out by the same employer?

---

[2]  The motion was timely because the tenth and final day in the filing period fell on Sunday August 23, 2015.

4. Did not the trial court err as a matter of law and impose an illegal sentence by sentencing [Appellant] on both theft by unlawful taking and theft by deception, charges that merge for sentencing purposes?

Appellant's Brief at 3-4.

Appellant's first three assertions of error challenge the sufficiency of the evidence in support of forgery, theft by unlawful taking/theft by deception, and passing bad checks. Our standard of review is well settled:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011).

Appellant argues the evidence in support of his forgery[3] conviction was insufficient because mere possession of a forged check is not sufficient to

---

[3] The Crimes Code defines forgery as follows:

**(a) Offense defined.**--A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;
*(Footnote Continued Next Page)*

establish intent to defraud. ***Commonwealth v. Gibson***, 416 A.2d 543, 545 (Pa. Super. 1979). Appellant argues the Commonwealth produced no evidence to establish that he knew the check was forged.

Appellant argues that ***Gibson*** is "on all fours" with the instant case and requires us to vacate his forgery conviction. Appellant's Brief at 16. In ***Gibson***, the defendant attempted to cash a check written on the personal account of Elsworth Kutz. Kutz testified that he did not sign the check and that some of his checks were missing. ***Id.*** at 544. The defendant had no previous connection with Kutz. ***Id.*** This Court concluded that Kutz's testimony—that he did not sign the check and that some of his checks were missing—did not support an inference that the defendant signed the check or knew it was forged. ***Id.*** at 544-45. "The evidence just as easily supports an inference that [the defendant] found the check or received it from someone else." ***Id*** at 545. The circumstances did not demonstrate guilt,

*(Footnote Continued)* ⸻

> (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

18 Pa.C.S.A. § 4101(a).

- 5 -

inasmuch as there was no prior connection between the defendant and Kutz.

*Id.*

We conclude that **Gibson** is distinguishable. Appellant was cashing a check from his former employer, not a private individual with whom he had no prior relationship. As explained above, the record reveals that SarahCare no longer employed Appellant as of, December 7, 2013, the date of the disputed check. Appellant received his final payroll check from SarahCare on November 29, 2013 for the pay period that concluded on November 22, 2013. Further, the memo line on the disputed check indicated a commission payment, but Appellant earned no commission from SarahCare. Finally, we observe that $3,500.00 was approximately ten times the amount of Appellant's biweekly paycheck. N.T. Trial 4/7/15, at 51. Instantly, unlike **Gibson**, the record contains ample circumstantial evidence establishing Appellant's knowledge that the check was forged. Appellant's first argument lacks merit.

Next, Appellant argues the Commonwealth failed to produce sufficient evidence of his guilty of theft by unlawful taking and theft by deception.[4]

---

[4] The Crimes Code defines theft by unlawful taking as follows:

> **(a) Movable property.**--A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

*(Footnote Continued Next Page)*

J-S09024-17

Appellant argues the Commonwealth failed to prove he acted with the intent to deprive or deceive. Appellant notes that SarahCare personnel other than Mr. Ustayev could have issued the check to Appellant. This argument ignores the fact that Appellant's employment at SarahCare ended before he received the disputed check. Appellant also ignores the fact that the disputed check was out of sequence, and that it omitted the instruction for check cashing stores to call and verify. SarahCare included the call and

*(Footnote Continued)* ───────────

> **(b) Immovable property.**--A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

18 Pa.C.S.A. § 3921.

The Crimes Code defines theft by deception as follows:

> **(a) Offense defined.**--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
>
> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
>
> (2) prevents another from acquiring information which would affect his judgment of a transaction; or
>
> (3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

18 Pa.C.S.A. § 3922(a).

verify instruction on all of its checks. Finally, Appellant ignores evidence that he did not receive commissions from SarahCare. Sufficient circumstantial evidence establishes that Appellant cashed the disputed check knowing that he was not entitled to the funds. Appellant's argument fails.

Next, Appellant argues the Commonwealth failed to produce sufficient evidence to convict him of passing bad checks.[5] Once again, Appellant challenges the *mens rea* element, arguing that the Commonwealth failed to prove Appellant presented the disputed check knowing it would not be honored. Once again, we rely on the substantial circumstantial evidence supporting Appellant's conviction. In particular, Appellant presented a check purportedly for a commission when Appellant earned no commissions from

---

[5] The Crimes Code defines bad checks as follows:

> **(a) Offense defined.--**
>
> (1) A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.
>
> (2) A person commits an offense if he, knowing that it will not be honored by the drawee, issues or passes a check or similar sight order for the payment of money when the drawee is located within this Commonwealth. A violation of this paragraph shall occur without regard to whether the location of the issuance or passing of the check or similar sight order is within or outside of this Commonwealth. It shall be no defense to a violation of this section that some or all of the acts constituting the offense occurred outside of this Commonwealth.

18 Pa.C.S.A. § 4105(a).

SarahCare. Appellant presented the check after his employment with SarahCare ended and after he received his final payroll check, and the check was out of sequence and did not expressly require verification from a check-cashing store. Drawing reasonable inferences in favor of the Commonwealth, as we must, we conclude the record contains sufficient evidence in support of his bad checks conviction.

Finally, Appellant argues that his convictions for theft by unlawful taking and theft by deception merge for sentencing purposes.[6] The trial court and the Commonwealth correctly concede this point. In *Commonwealth v. Goins*, 867 A.2d 526, 530-31 (Pa. Super. 2004), this Court concluded that theft by unlawful taking is a lesser-included offense of theft by deception. Accordingly, we vacate the sentence for theft by unlawful taking.

As noted above, the trial court imposed concurrent four-year probationary sentences for forgery, theft by unlawful taking, and theft by deception. Vacating one of three identical concurrent sentences does not disturb the trial court's sentencing scheme. We therefore need not remand for resentencing.

_____

[6] Appellant did not raise this issue in his post-sentence motion, but merger implicates the legality of a sentence and therefore is not waivable. *Commonwealth v. Robinson*, 931 A.2d 15, 20 (Pa. Super. 2007).

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017