J-S63031-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AMBER LESCHNER | |
| Appellant | No. 564 WDA 2018 |

Appeal from the Judgment of Sentence March 22, 2018
In the Court of Common Pleas of McKean County
Criminal Division at No: CP-42-CR-0000442-2017

BEFORE: OTT, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          FILED DECEMBER 14, 2018

Appellant, Amber Leschner, appeals from the March 22, 2018, judgment of sentence entered in the Court of Common Pleas of McKean County following her conviction by a jury on two counts of forgery and two counts of theft by deception.[1] Appellant challenges the sufficiency of the evidence supporting her convictions. Upon review, we affirm.

The trial court summarized the evidence presented as follows:

In this case Gail Wilson testified that she had employed [Appellant] to clean her home. [Appellant] had advised her that she was in need of funds including requesting payment for time periods that she had not worked. She testified that, during the time period that [Appellant] was employed by her, checks went missing from a desk drawer in her home. She later noticed that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4101(a)(3) and 18 Pa.C.S.A. § 3922(a)(1), respectively.

there were two OTC (over the counter) withdraws from her checking account that she had not authorized. When she received copies of the checks form (sic) her bank she knew that they were forged / she had not signed them. [Appellant's] name was on the back of each of the checks. Mandy Anderson, an employee of the victim's bank, Mountain Laurel Federal Credit Union, testified that [Appellant] came into the bank location on July 24, 2017[,] and cashed a check that was purported to be written / authorized by Gail Wilson. [Appellant] signed the check at the bank. Another employee of the bank, Patricia Wilson, testified that [Appellant] came into the bank and presented a check for $60 to her to be cashed and also drawn on Gail Wilson's account. Again, Gail Wilson testified that she did not sign either of these checks. At trial surveillance video from the Mountain Laurel Credit Union was presented which also demonstrated that [Appellant] came into the bank on two occasions and presented these checks to the teller and obtained the cash. Trooper Daniel Nester testified that he had interviewed [Appellant] about the checks and: "she advised she had gotten them (two checks cashed) from Gail."

Trial Court Opinion, 6/13/18, at 1-2 (citations to record omitted).

Appellant was charged with two counts of forgery and two counts of theft by deception. A jury trial was held on January 31, 2018, at which Appellant was found guilty on all charges. Appellant was sentenced on March 22, 2018, to an aggregate of 48 hours to one year in prison, to be followed by one year of probation. She filed a timely notice of appeal on April 20, 2018.

Appellant raises two issues on appeal, both of which are challenges to the sufficiency of the evidence.

I. Whether the evidence was sufficient to establish that Appellant forged the checks in question or had knowledge that the checks were forged, in order to sustain a conviction at both counts under 18 Pa.C.S.A. § 4101(a)(3)?

II. Whether the evidence was sufficient to establish that Appellant intentionally created or reinforced a false impression in order to sustain a conviction at both counts under 18 Pa.C.S.A. § 3922(a)(1)?

Appellant's Brief at 7.

This Court's standard of review of a challenge to the sufficiency of the evidence is well established:

> Our standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to enable the fact[-]finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.

Commonwealth v. Crosley, 180 A.3d 761, 767 (Pa.Super. 2018) (quoting Commonwealth v. Cruz, 71 A.3d 998, 1006 (Pa.Super. 2013) (citation and brackets omitted)).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. . . .Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Crosley, 180 A.3d at 767 (quoting Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa.Super. 2009) (citation omitted)).

Appellant asserts that the Commonwealth failed to present sufficient evidence to sustain the conviction for forgery.

> A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> (1) Alters the writing of another without his authority;

> (2) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize the act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (3) Utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

18 Pa.C.S.A. § 4101.

In the matter sub judice, Appellant was convicted under 18 Pa.C.SA. § 4101(3). Appellant concedes that there was sufficient evidence presented that she uttered a forged writing; however, Appellant argues that the Commonwealth failed to prove that she had knowledge that the checks were forged. In support of this argument, Appellant analogizes this matter to Commonwealth v. Gibson, 416 A.2d 543, 544-45 (Pa.Super. 1979). In Gibson, the defendant went to a bank and attempted to deposit checks. The owner of the check, Kutz, testified that he had not written the check and some of his checks were missing. Id. at 544-45. Gibson had no prior connections to Kutz, and this Court held that Gibson's "possession of the check, in itself, does not justify a conclusion that he forged the check or knew it was forged." Id. at 545.

However, Appellant's reliance on Gibson is mistaken as there are a number of key factual differences between Gibson and the instant matter. Moreover, as discussed above, the Commonwealth may sustain its burden of proof though wholly circumstantial evidence. See Crosley, 180 A.3d at 767.

Here, there was ample circumstantial evidence to show that Appellant had the means, motive, and opportunity to steal the checks from Ms. Wilson. Unlike in Gibson, Appellant had a preexisting relationship with the victim, Ms. Wilson. Appellant was Ms. Wilson's housekeeper. During the time Appellant was working at Ms. Wilson's home, Ms. Wilson kept her checks in a drawer in an area of the home accessible to Appellant. Further, Appellant had previously informed Ms. Wilson that she needed money, and she had requested to be paid for times that she did not work. Except for one occasion, Appellant was always paid by Ms. Wilson in cash. On that one occasion, Ms. Wilson wrote a check to Appellant. Ms. Wilson testified that she did not sign or write the two checks in question that Appellant cashed.

Based on the foregoing, the matter is distinguishable from Gibson since there was ample evidence to show that Appellant stole the checks as well as altered them. Viewing the evidence the light most favorable to the Commonwealth, there was sufficient circumstantial evidence to prove that Appellant stole the blank checks and deposited them. Thus, there was a reasonable inference that Appellant knew the checks were altered. For these reasons, Appellant's challenge to the sufficiency of the evidence on the forgery convictions fail.

Next, Appellant challenges the sufficiency of the evidence of the theft by deception-false impression convictions.

> A person is guilty of theft [by deception] if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention, or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the face alone that he did not subsequently perform the promise[.]

18 Pa.C.S.A. § 3922(a)(1). Appellant argues that in order to be convicted of theft by deception, the Commonwealth was required to prove that Appellant had knowledge the checks were forged in order to establish the necessary intent to deceive. Essentially, Appellant's argument is identical to her previous argument; however, this claim goes to the theft by deception counts. As discussed in detail above, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to establish that Appellant knew the checks were forged. Thus, Appellant's claim fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2018