J-S23003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN JONES | |
| Appellant | No. 961 EDA 2015 |

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008254-2014

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 19, 2016**

Appellant, Shawn Jones, also known as Everett Jones, appeals from the judgment of sentence entered after the trial court, sitting without a jury, convicted Jones of forgery, bad checks, and securing the execution of documents through deception. Jones contends that the evidence at trial was insufficient to support his convictions, and further, that the trial court abused its discretion in sentencing him to a term of imprisonment of 18 to 36 months. After careful review, we affirm.

The following facts were established by testimony at trial. Jones entered the National Penn Bank on Market Street in Philadelphia and presented a check to the teller. This check purported to be drawn on the

_____

[*] Former Justice specially assigned to the Superior Court.

account of the Berks County Juvenile Probation Department ("Juvenile Probation"), and was made out to "Everett Jones" in the amount of $958.00.

The teller noted some discrepancies in the check, and had the head teller review the check. The head teller also noted discrepancies, and made copies of the check before asking Jones if he would like to wait while she verified the check by calling Juvenile Probation. Jones told the head teller "not to worry about it" and that "[t]hey don't like me, so they might not verify it for me." The head teller gave Jones the check back, and Jones left the bank. The head teller notified the loss prevention department of her bank.

A representative of Juvenile Probation testified that no such check had ever been made out to an Everett Jones. In fact, Juvenile Probation had not yet issued the check number on Jones's check. Furthermore, she testified that her signature appeared to be on the check, but that she had not signed the check.

The trial court found Jones guilty, and subsequently sentenced him to 18 to 36 months' incarceration. The trial court denied Jones's post-sentence motions, and this timely appeal followed.

On appeal, Jones first argues that the evidence at trial was not sufficient to support his convictions. In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when

viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Cooper***, 941 A.2d 655, 662 (Pa. 2007) (citation omitted).

Our scope of review is plenary. ***See Commonwealth v. Weston***, 749 A.2d 458, 460 n.8 (Pa. 2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none of the evidence submitted. ***See Cooper***, 941 A.2d at 662. "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Swerdlow***, 636 A.2d 1173, 1176 (Pa. Super. 1994) (citation omitted).

Jones's argument focuses on whether he had the necessary guilty knowledge that is an element of all his convictions. In support of his contention, Jones cites to ***Commonwealth v. Gibson***, 416 A.2d 543 (Pa. Super. 1979), in which this Court held that mere possession of a forged check made out to "cash" was insufficient to establish that the defendant forged the check or knew that it was forged. ***See id***., at 545.

We find ***Gibson*** distinguishable. In ***Gibson***, the defendant did not "engage in any other suspicious behavior" other than presenting the check and claiming that he had left his identification at home. ***Id***. Here, when the

head teller asked Jones if he would wait while she verified the check by phone, he declined, noting that Juvenile Probation did not like him. **See** N.T., Trial, 12/3/14, at 26. Jones's unwillingness to wait for the phone call and his statement are circumstantial evidence of Jones's guilty knowledge that the check was forged. Thus, we conclude that Jones's first issue on appeal merits no relief.

In his second issue on appeal, Jones asserts that the trial court abused its discretion in imposing a sentence in the aggravated range of the sentencing guidelines. Jones concedes that this argument constitutes a challenge to the discretionary aspects of his sentence. **See** Appellant's Brief, at 9.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005).

"Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a

sentence." *Id*. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted). *See also* Pa.R.A.P. 2119(f).

In the present case, Jones's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence.

Next, we must determine whether Jones has raised a substantial question. Jones concedes that the sentence imposed is within the guidelines; his dispute centers on the fact that the sentence is in the aggravated range of the guidelines. *See* Appellant's Brief, at 9. In particular, he argues that the sentencing court relied on impermissible factors to aggravate the sentence, and that the sentencing court failed to properly consider his

rehabilitative needs. These issues raise substantial questions. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014); *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012).

For such challenges, the following standard of review has been set forth.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006)).

Pennsylvania has an indeterminate guided sentencing scheme. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1117 (Pa. 2007). The sentencing judge is required to consider the sentencing guidelines that have been adopted by the Legislature. *See* 42 Pa.C.S.A. § 9721(b). The sentencing guidelines, however, are purely advisory in nature and are merely one factor among many that the court must consider in imposing a sentence. *See Yuhasz*, 923 A.2d at 1118. "[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Shugars*, 895 A.2d at 1275.

It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing a sentence into the aggravated range. *See Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003). Specifically, "factors already used in Guideline computations, including *inter alia*, prior convictions, may not be used to justify an aggravated sentence." *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003) (citation omitted).

Jones first argues that the sentencing court erred by considering his prior arrests in imposing sentence. Jones contends that by doing so, the sentencing court ignored the presumption of innocence associated with arrests that do not result in a conviction. However, reviewing the sentencing court's statement, we conclude that it did not seek to punish Jones for his arrests, but rather considered the arrests in the context of Jones's knowledge of being on probation for a prior federal conviction for armed robbery.

> At age 19 [Jones] was convicted of an armed robbery in federal court and sentenced to 9 ½ years, followed by three years supervised release. The instant offenses were committed while on that federal supervised release.
>
> The instant offenses involved an attempt to fraudulently obtain money from a county probation department's crime victim's restitution fund. Notably, the crimes were committed by [Jones] while he was on federal supervised release, after having already served 9 ½ years in federal prison.
>
> Further, [Jones] had been incarcerated twice since his release from federal prison, on charges for which he was not convicted. *The point being not that the Court took these offenses*

*themselves into account, but that [Jones] knew from being reincarcerated while on federal supervised release, the consequences of criminal conduct.* Yet, despite these experiences of lengthy incarceration, reincarceration, and active supervised release, [Jones] chose to re-offend, and to do so in a manner that sought to take money from crime victims. [Jones's] conduct, in the context of his history and involvement in the criminal justice system demonstrated to the [c]ourt that [Jones] was not amenable to supervision.

Trial Court Opinion, 8/24/15, at 9-10 (emphasis supplied). This reasoning is consistent with the statements made by the court in imposing sentence. ***See*** N.T., Sentencing, 1/30/15, at 13 ("It does show a pattern of someone who is not amenable to supervision …"). As the sentencing court did not rely directly on his prior arrests, but rather on the fact that Jones had been incarcerated pending resolution of his prior arrests due to his supervised release status, we conclude that Jones's first challenge to the discretionary aspects of his sentence merits no relief.

In his second challenge to the discretionary aspects of his sentence, Jones argues that the trial court failed to adequately consider his rehabilitative needs. As noted above, the trial court's primary concern, as evidenced by its contemporaneous statements at sentencing, was whether Jones was amenable to supervised release. Admittedly, the sentencing court did not explicitly address Jones's rehabilitative needs. However, we note that the trial court reviewed a pre-sentence report. ***See*** N.T., Sentencing, 1/30/15, at 14. Where the trial court had the benefit of reviewing a pre-sentence report, we must

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

*Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)).

As the trial court in this case had the benefit of a pre-sentence report, combined with the trial court's explicit consideration of the appropriateness of supervised release, we conclude that it considered all relevant sentencing factors. Thus, Jones's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016

- 9 -