J-E03008-18

2019 PA Super 17

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DOMINIQUE WILLIAM GREEN | : | |
| Appellant | : | No. 1024 WDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013385-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
LAZARUS, J., OTT, J., STABILE, J., DUBOW, J., and MURRAY, J.

OPINION BY OTT, J.: FILED JANUARY 23, 2019

Dominique William Green appeals from the judgment of sentence imposed on June 20, 2016, in the Court of Common Pleas of Allegheny County. In a non-jury trial, Green was found guilty of forgery for uttering a forged writing, 18 Pa.C.S. § 4101(a)(3). The trial judge sentenced Green to a two-year term of probation and restitution. In this appeal, Green challenges the sufficiency of the evidence to sustain his conviction. Based upon the following, we affirm.

In August, 2015, St. Moritz Labor Services, a temporary staffing agency, discovered 18 checks drawn on its account that had not been issued in accordance with company procedures. The checks were fraudulent duplicates of lawfully issued checks, and the payees were unknown to St. Moritz. Additionally, the amounts on the checks were much higher than St. Moritz standard payroll checks. One of these checks, in the amount of $467.21, was

made payable to Green. Green had never worked for St. Moritz and had no affiliation with that entity. On August 3, 2015, Green cashed the check at K-Mart using his shopper card.

An investigation was initiated by Leslie Schattauer, President of St. Moritz Labor Services, with the assistance of Officer Terry Bradford of the Whitehall Police Department. During the course of the investigation, Officer Bradford contacted Green and asked to speak with him regarding a cashed check. According to Officer Bradford's testimony, Green made the statement, "[I] only did it once." N.T., 6/20/2016, at 27. During an interview, after Officer Bradford advised Green of his Miranda[1] rights, Green said he cashed the check at K-Mart because he needed money to pay off fines. Green told Officer Bradford he received the check in the mail and he did not know where the check came from or who sent the check. Green confirmed that he never worked for St. Moritz and admitted that he did not have any reason to receive a check from that entity.[2]

Originally, Green was charged by criminal complaint with forgery, access device fraud and bad checks.[3] At the preliminary hearing on October 27, 2015, the Magistrate Judge found that the Commonwealth had made out a

_____

[1] Miranda v. Arizona, 396 U.S. 868 (1969).

[2] The parties stipulated to expand the record pursuant to Pa.R.A.P. 1926(b)(2), to include Exhibit A (a copy of the check) in the original record, and the Stipulation with Exhibit A was transmitted to this Court as a supplemental record.

[3] 18 Pa.C.S. §§ 4101(a)(2), 4106(a)(1), and 4105(a)(1).

prima facie case on the forgery charge, but dismissed charges of access device fraud and bad checks. On December 14, 2015, the Commonwealth filed a criminal information charging Green with one count of forgery, 18 Pa.C.S. § 4101(a)(3). Green filed a petition for writ of habeas corpus on January 11, 2016, and the Commonwealth filed a response thereto. A hearing on the habeas corpus motion was held immediately before the June 20, 2016, non-jury trial, and relief was denied. The case proceeded to trial, where Green was found guilty of the forgery charge. Green was sentenced, as stated above, and his post-sentence motion was denied. A timely appeal followed.[4]

A divided panel of this Court reversed the judgment of sentence. Thereafter, the Commonwealth sought en banc review, which this Court granted. The parties have each filed a brief and a supplemental brief, and argument before the court en banc was held on October 23, 2018. The matter is now ready for disposition.

Green frames his sufficiency challenge as follows:

Was the Commonwealth's evidence sufficient to prove, beyond a reasonable doubt, the mens rea element of the forgery offense Appellant was charged with?

Green's Supplemental Brief at 4.

Our standard of review when considering a challenge to the sufficiency of the evidence is well settled:

---

[4] Green timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict."
>
> Our Supreme Court has instructed: [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

In addition, "[t]he Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant."

Commonwealth v. Orie, 88 A.3d 983, 1013-14 (Pa. Super. 2014) (citation omitted).

Here, Green was convicted pursuant to 18 Pa.C.S. § 4101(a)(3), which provides:

> A person is guilty of forgery if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> (1) Alters any writing of another without his authority;
>
> (2) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize the act, or to have been executed at a time or place or

> in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (3) Utters[5] any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

18 Pa.C.S. § 4101(a) (emphases added). "We may look to the totality of the defendant's conduct to infer fraudulent intent." Commonwealth v. Myer, 489 A.2d 900, 904 (Pa. Super. 1985) (citation omitted). Circumstantial evidence is sufficient to establish the defendant's knowledge that the document is a forgery. Orie, supra, 88 A.3d at 1015.

There is no dispute that the check was forged.[6] Green, however, argues there is no proof he knew the check was a forgery. Green maintains that while the evidence showed Green knew he had a check he was not supposed to have, it does not follow that he knew the check was not legitimate and that he facilitated a fraud by uttering a forged check.

Green contends Commonwealth v. Gibson, 416 A.2d 543 (Pa. Super. 1979), which held that mere possession of a forged check was not sufficient to support a forgery conviction, controls this case. Green claims the Commonwealth's evidence is insufficient without knowing the answers to the

---

[5] "Utter" is defined as "[t]o put or send (a document) into circulation; esp., to circulate (a forged note) as if genuine <she uttered a counterfeit $50 bill at the grocery store>." Black's Law Dictionary (10th ed. 2014).

[6] Ms. Schattauer testified, "The only thing accurate is the account and routing number. Everything else is completely off in terms of the format. The box around the amount, spelled it, the payee itself, obviously he's not an employee." N.T., 6/20/2016, at 21.

questions: "(1) How did Green receive the check? and (2) What did Green know, if anything, about St. Moritz Labor Services?"  Green's Supplemental Brief at 7.  Further, Green claims the Commonwealth's evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn to conclude that Green knew he was uttering a forged check.  Id. at 8.  Green addresses our standard of review as set forth in Commonwealth v. Ratsamy, 934 A.2d 1233, 1236 (Pa. 2007) (holding an appellate court cannot reweigh the evidence and substitute its judgment), and argues that finding the Commonwealth's evidence weak and inconclusive relating to the element of Green's knowledge would not impermissibly reweigh the evidence.  See Green's Supplemental Brief at 10.

The Commonwealth responds the evidence was sufficient for the conviction based upon the totality of the circumstances.  The Commonwealth distinguishes the instant case from Gibson, arguing Green's conduct in this case "far exceeded the mere 'possession of a check' which this Court found 'just as easily support[ed] an inference that [the defendant] found the check or received it from someone else.'"  Commonwealth's Supplemental Brief at 10, citing Gibson, supra, 416 A.2d at 545.  The Commonwealth further maintains the questions raised by Green do not implicate any element of the crime of forgery.  With regard to our standard of review, the Commonwealth asserts "whether or not an appellate [c]ourt would believe that the trial evidence established guilt beyond a reasonable doubt is not the relevant

inquiry. 'Instead, [a reviewing court] must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.'" Commonwealth's Supplemental Brief at 12, citing Ratsamy, supra, 934 A.2d at 1235-1236.

In this case, based upon the Commonwealth's evidence, the trial court, as the fact finder, concluded:

> Mr. Green's statements definitely indicate he had no connection to St. Moritz. No, he didn't offer any — he's not required to, but he did agree to speak with the officer, and he did. He pretty much indicated that there was no connection.
>
> So if there's no connection, I do not believe this check came in that name. I took a look. You negotiated a $467 check that you know you have no right to. You are either ... going to harm St. Moritz, who owns the account, or you are going to harm K-Mart, who cashes the check.
>
> ... The detail on this check, [Green's] statement I only did it once, in my view indicates that he had awareness that this was not a check that was legitimate.
>
> There was some preplanning to put [Green's] complete information on the check, albeit in the wrong place if you look at the format. I find [Green] guilty accordingly.

N.T., 6/20/2016, at 43. In its Pa.R.A.P. 1925(a) opinion, the trial court reiterated:

> The evidence adduced at trial amply supported [Green's] conviction. [Green] took a fraudulent check issued to him and cashed it at Kmart. The check listed [Green] as the payee and [Green] knew that he was not entitled to the funds he obtained by negotiating the fraudulent check. He knew that he had no relationship with St. Moritz. [Green], upon being asked by Officer Bradford, explained that he only cashed such a check one time. The evidence clearly established that [Green] knew the check

wasn't legitimate and that he uttered a forged check purporting to appear as though it was authorized by St. Moritz when it was not.

Trial Court Opinion, 6/23/2017 at 4. Our review confirms the evidence was sufficient to sustain Green's forgery conviction.

The Gibson case, relied upon by Green, is clearly distinguishable. In Gibson, the evidence showed the appellant entered a bank and presented a check for $150.00 payable to cash. The check was signed and endorsed in the name of Elsworth Kutz. When the bank refused to cash the check without identification, the appellant left the bank. Mr. Kutz testified he had never written a check for $150.00, and that, when he received a call from the bank after the defendant had left, he noticed some of his checks were missing. The appellant was convicted by a jury of, among other things, forgery. On appeal, this Court reasoned "[t]he evidence just as easily supports the inference [the defendant] found the check or received it from someone else." Id. 416 A.2d at 545. This Court noted that no circumstantial evidence of guilt was presented at trial. See id. Our Court concluded: "Appellant's possession of the check, in itself, does not justify a conclusion that he forged the check or knew that it was forged." Id.

The present case, however, does not involve mere possession of a forged personal check made payable to cash. Rather, the evidence showed the check was made payable to Green (and included Green's address); the check appeared to be drawn from St. Moritz's commercial account; the check was purportedly a payroll check of St. Moritz Labor Services; Green never

- 8 -

worked for St. Moritz and had no relationship with the company; St. Moritz did not owe Green any money; Green told police that there was no reason why he would have been given a check by St. Moritz; and Green told police that with regard to the St. Moritz check that he cashed, "he only did it once." N.T., 6/20/2016 at 27.

Furthermore, how Green came into possession of the check, and what he knew of St. Moritz Labor Services are immaterial. Because Green admittedly never worked for St. Moritz Labor Services and had no reason to receive a check from St. Moritz, the circumstantial evidence and reasonable inferences therefrom establish Green knew that St. Moritz would not have his name and address for payroll or other payment purposes, and knew that he would not be a payee on a genuine St. Moritz Labor Services check for nearly $500.00.

Finally, regarding Green's argument concerning our standard of review, we find the evidence in this case was neither inconclusive or equivocal. We reject Green's claim that the trial court "made a reaching conclusion about what Green knew of the check." Green's Supplemental Brief at 10. Green's statement to police that "I only did it once," is circumstantial evidence of guilty knowledge. Considering all the Commonwealth's evidence and reasonable inferences therefrom, the trial court could properly conclude, beyond a reasonable doubt, that Green knew that he was not entitled to the St.

Moritz check, and knew that the check was not a legitimate check when he cashed it at K-Mart.

Therefore, Green's sufficiency challenge to his forgery conviction pursuant to 42 Pa.C.S. § 4101(a)(3) fails to warrant relief.

Accordingly, we affirm.

Judgment of sentence affirmed.

President Judge Gantman, Judge Panella, Judge Lazarus, Judge Dubow and Judge Murray join this Opinion.

Judge Bowes files a Dissenting Opinion in which President Judge Emeritus Bender and Judge Stabile join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2019