**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL STONE | : | |
| | : | |
| Appellant | : | No. 1122 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010016-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL STONE | : | |
| | : | |
| Appellant | : | No. 1123 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010017-2015

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 23, 2021**

Appellant, Michael Stone, appeals from the March 12, 2020 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On direct appeal, a prior panel of this Court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] was arrested in August 2015, and charged by criminal complaint with robbery, burglary, and related offenses. **See** Complaint, 8/11/15, at 2. The factual description supporting the charges read:

>> At 439 Domino Lane [Appellant], with intent to commit a crime therein, unlawfully entered a building or occupied structure belonging to the complainant, John McFarland [("the victim")], by forcing open a door, and [Appellant] forcibly took money from the complainant by struggling with the complainant and taking the complainant's wallet and phone, and [Appellant] intimidated or attempted to intimidate the complainant to refrain from reporting the incident by telling the complainant that "it would be worse" if complainant called police.

> **Id.** (unnecessary capitalization omitted).

> The trial court held a preliminary hearing on October 6, 2015, and found that the Commonwealth had established a *prima facie* case on most of the charged offenses, including robbery and burglary. **See** Trial Disposition and Dismissal Form at 1. The Commonwealth thereafter filed a bill of information on October 14, 2015, charging [Appellant] with robbery, burglary, and other offenses. **See** Information at 1.[1] The burglary charge specified John McFarland as the victim, and 439 Domino Lane, Philadelphia, as the location [of the crime]. **Id.**

> Formal arraignment took place on October 27, 2015. Although the record does not reflect what occurred during those proceedings, [Appellant's] counsel later stated that the burglary

---

[1] The lower court docket number was CP-51-CR-0010016-2015.

charge had been included in that arraignment. *See* N.T., 5/17/16 (Trial), at 112.[2]

Jury selection for [Appellant's] trial commenced on May 17, 2016. . . .

* * *

The jury found [Appellant] guilty of both robbery and burglary.[5] [,3] The court sentenced [Appellant] on August 4, 2016, to consecutive terms of ten to 20 years' incarceration for burglary and one to five years' incarceration for robbery.

[5] [Appellant] was found not guilty of robbery at CP-51-CR-0010017-2015

[Appellant] filed a timely notice of appeal . . . .

*Commonwealth v. Stone*, 193 A.3d 1058, 2632 EDA 2016, at *1–3 (Pa. Super. filed June 8, 2018) (unpublished memorandum). We affirmed the judgment of sentence, *id.*, and our Supreme Court declined further review. *Commonwealth v. Stone*, 199 A.3d 334, 293 EAL 2018 (Pa. filed December 11, 2018).

Appellant filed a *pro se* PCRA petition on April 30, 2019. The PCRA court appointed counsel, who filed an amended petition on October 18, 2019. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 on February 19, 2020. Appellant did not file a response, and

---

[2] Appellant also had been charged with robbery under lower court docket number CP-51-CR-0010017-2015, which was consolidated with docket CP-51-CR-0010016-2015.

[3] 18 Pa.C.S. §§ 3701(a)(1)(iv) and 3502(a)(1), respectively.

the PCRA court dismissed the petition on March 12, 2020. Appellant filed timely notices of appeal from the March 12, 2020 order. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[4]

The notice of appeal listing lower court docket number CP-51-CR-0010016-2015 was assigned Superior Court docket number 1122 EDA 2020; the notice of appeal listing lower court docket number CP-51-CR-0010017-2015 was assigned Superior Court docket number 1123 EDA 2020. On July 20, 2020, we consolidated the appeals *sua sponte*. Order, 7/20/20, at 1.

Appellant presents the following issues in his Statement of Questions Involved in his appellate brief[5]:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that established multiple instances of trial counsel's ineffectiveness[?]

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that established multiple violations of [A]ppellant's constitutional rights[?]

---

[4] The PCRA court filed a "Letter in Lieu of Opinion" referencing "the reasons for the dismissal of Appellant's [PCRA] petition" in footnote one of its order dismissing the petition, which merely states the basis of its reasoning in conclusory single sentences in a footnote. Order Sur PCRA Petition, 6/8/20, at 1 n.1.

[5] Apellant's Brief does not comply with multiple Rules of Appellate Procedure, including, for example, Pa.R.A.P. 124(3) ("Text must be double spaced"); Pa.R.A.P. 2111(a)(11) and (d) (requiring Appellant to append the statement of errors complained of on appeal filed with the trial court); Pa.R.A.P. 2119 (c) (Reference to the record) and (e) (statement of place of raising or preservation of issues).

       3. Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Appellant's Brief at 8.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. ***See*** 42 Pa.C.S. § 9543 (outlining the eligibility requirements for PCRA relief). Among those requirements are that the issue must not be previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2).

Appellant's first issue assails the effectiveness of trial counsel. To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). A claim of ineffectiveness will be denied if [Appellant's] evidence fails to meet any one of these prongs. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). Moreover, we have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

With regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)). "The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. . . . [T]he balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987).

As to the third prong, generally, prejudice requires proof that there is a reasonable probability that but-for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Diaz*, 226 A.3d 995, 1008 (Pa. 2020). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005).

Finally, we are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

The PCRA court noted as follows:

Because [Appellant's] claims are devoid of merit, counsel cannot be ineffective. *See Commonwealth v. Koehler*, 36 A.3d 121, 144 (Pa. 2012). Specifically,

1. [Appellant] failed to demonstrate that counsel was ineffective for failing to investigate or call witnesses on his behalf, where he has not provided proof that such witnesses existed, that they were available, that counsel knew or should have known of such witnesses, that the witnesses were willing to testify, and that the absence of such witnesses' testimony prejudiced him.

2. [Appellant] failed to demonstrate that counsel was ineffective for failing to file post sentence motions, where

- 7 -

there is no claim that he asked sentencing counsel to do so, and he did not demonstrate what the unfiled motions would have addressed or, if there was a failure to file, that the post sentence motions would have altered the outcome.

3. [Appellant] failed to demonstrate that counsel was ineffective for failing to adequately cross examine the complainant. The record demonstrates that counsel adequately cross examined the complainant and [Appellant] failed to allege any additional areas of cross examination, or that such additional examination would have altered the outcome.

4. [Appellant] failed to demonstrate that counsel was ineffective for failing to file a motion challenging the affidavit of probable cause. He failed to allege any specific falsehoods in the affidavit or evidence that the affiant officer knew the Information was false, and there is no basis upon which to conclude that had such a motion been filed, it would have been successful.

5. [Appellant] failed to demonstrate that counsel was ineffective for failing to adequately communicate with him before trial. When given the opportunity to claim such failure to communicate, he failed to do so. Instead, [Appellant] testified that he had the opportunity to discuss his case with counsel. NT[,] 5/17/16, 108. He also failed to allege any prejudice from any alleged failure to communicate, what he would have communicated, or that such additional communication would have altered the outcome.

6. [Appellant] failed to demonstrate that counsel was ineffective for failing to investigate DNA and fingerprint evidence. He failed to demonstrate that there was any such evidence available for testing, or how such evidence would have changed the result.

7. [Appellant] failed to demonstrate that the evidence was insufficient to support his conviction or that appellate counsel was ineffective in failing to raise such a claim. [Appellant] waived the claim by failing to raise it on direct appeal and he do[es] not offer any evidence that he asked appellate counsel to raise the claim, or that the claim had

- 8 -

> any merit. The evidence at trial, as summarized in the court's January 30, 2017, Memorandum Opinion, 2-4, was sufficient to support the convictions[.]

Order Sur PCRA Petition, 6/8/20, at 1 n.1.

Appellant's first issue is waived. Appellant provides merely conclusory statements of the alleged ineffectiveness of trial counsel and fails to develop his arguments. Appellant's Brief at 12–15. The only case law set forth in his brief references PCRA standards and requirements to establish ineffective assistance of counsel. *Id.* at 12–14. Appellant wholly fails to cite to the record where any of the various alleged instances of ineffectiveness occurred. For example, Appellant stated that he "sought to impeach the testimony of the complaining witness based on a pre-existing acrimony between [the victim] and [Appellant]," but there is no reference to the record where Appellant allegedly so testified. *Id.* at 13. Appellant contends that trial counsel failed to "present defense witness testimony," *id.* at 13, but he does not identify what witness or witnesses were foregone. *Id.* To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on [the] appellant's behalf; and (5) the absence of the testimony prejudiced [the] appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 545-546 (Pa. 2005) (citations omitted). Trial counsel's failure to call a particular witness

does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense. *Id*. Appellant must demonstrate how the testimony of the uncalled witness would have been beneficial under the circumstances of the case. *Id*. Appellant has not identified any witness, let alone complied with the parameters of the level of proof to prove ineffective assistance of counsel for failure to call a witness. *See Commonwealth v. Brown*, 161 A.3d 960, 967–968 (Pa. Super. 2017) (failure to provide affidavits or certifications from foregone witness indicating willingness and availability to testify is sufficient for PCRA court to reject claim without holding evidentiary hearing).

"It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014). Appellant has not developed any of the bald allegations nor explained how he was prejudiced, and he failed to support his allegations of ineffectiveness by any citation to the record. It is beyond cavil that where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. *Commonwealth v. Woodward*, 129 A.3d 480 (Pa. 2015).

In his second issue, Appellant contends the PCRA court erred in dismissing his petition because he presented clear and convincing evidence

that his constitutional rights were violated "by the introduction of perjured testimony and a conviction based on insufficient evidence." Appellant's Brief at 15.

Appellant asserts that his constitutional rights were violated at trial "by the Commonwealth's failure to prove each element of the crimes charged beyond a reasonable doubt." Appellant's Brief at 15. This claim is waived. The PCRA requires a petitioner to prove that his claim "has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). A claim is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, **on appeal** or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b) (emphasis added). Appellant could have raised this issue in his direct appeal but failed to do so. *See Stone*, 2632 EDA 2016, (unpublished memorandum); *Commonwealth v. Koehler*, 36 A.3d 121, 140 (Pa. 2012) (Koehler's substantive due-process-violation claim was waived on PCRA review where he could have raised it on direct appeal, but failed to do so); *Commonwealth v. Cox*, 983 A.2d 666, 704 (Pa. 2009) (claim that trial court violated the appellant's right to due process by failing to give a jury instruction was waived on PCRA review where the appellant failed to raise it previously). While Appellant apparently asserted appellate counsel's ineffectiveness in this regard to the trial court, he has not argued it in his appellate brief. Therefore, as the claim is abandoned, it is waived. *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002)

("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").

Furthermore, Appellant failed to identify to the PCRA court, and to us on appeal, which crime was not proven and what element was foregone. "An appellant's [Pa.R.A.P.] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016) (quoting *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013)); *see also* Pa.R.A.P. 1925(b)(4)(ii) ("[T]he Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). "Such specificity is of particular importance in cases where, as here, [A]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Garland*, 63 A.3d at 344. Failure to identify what specific elements the Commonwealth did not prove at trial in a Rule 1925(b) statement renders an appellant's sufficiency-of-the-evidence claim waived for appellate review. *See Commonwealth v. Tyack*, 128 A.3d 254, 261 (Pa. Super. 2015) (finding appellant's issues waived where "1925(b) statement simply declared, in boilerplate fashion, that the evidence was insufficient to support his conviction").

Instantly, Appellant generically stated the following in his Pa.R.A.P. 1925(b) statement: "Appellant also established a violation of his Due Process rights based on his conviction upon evidence that did not prove his guilt beyond a reasonable doubt." Pa.R.A.P. 1925(b) Statement, 4/18/20, at 2. Appellant does not identify any element of burglary or robbery that was not proven beyond a reasonable doubt. Additionally, Appellant's "Statement of the Questions Involved" fails to specify what element(s) of burglary or robbery was not challenged on appeal. Appellant's Brief at 8. Consequently, Appellant's nonspecific and inaccurate due process claim based upon a lack of sufficiency of the evidence, which fails to state any elements of any crimes allegedly not proven by the Commonwealth, is waived for this reason, as well. **Tyack**, 128 A.3d at 261.

Even if not waived, we would conclude the issue lacks arguable merit because the evidence presented at trial was sufficient. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. **Commonwealth v. Green**, 203 A.3d 250, 253 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1036, 54 WAL 2019 (Pa. July 30, 2019). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Colon-Plaza**, 136 A.3d 521, 525–526 (Pa.

Super. 2016) (quoting *Commonwealth v. Robertson-Dewar*, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792–793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Mucci*, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994 (Pa. Super. 2015).

A person commits burglary as a felony of the first degree when he enters, with the intent to commit a crime therein, a building or occupied structure adapted for overnight accommodations when "at the time of the offense any person is present." 18 Pa.C.S. § 3502(a)(1)(i). "A person is guilty of robbery if, in the course of committing a theft, he inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(1)(iv). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. An act is deemed "in the course of committing a theft" if it occurs "in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S § 3701(2).

In this case, all of the elements of burglary and robbery were met. The victim, who is "semi-paralyzed," testified that as he entered his apartment on August 8, 2015, at approximately 1:00 a.m., Appellant forced his way into the victim's apartment by overpowering the victim, and demanded money. N.T., 5/17/16, at 19, 23, 25. Initially, the victim did not know who was assaulting him because it was dark and the assailant wore a ski mask, but the victim then recognized him as Appellant; Appellant later removed the ski mask. *Id.* at 25–27.

Appellant returned the next morning, and the victim telephoned the police. N.T., 5/17/16, at 31–32. Later that day, as the victim was going to a friend's house because he was fearful in his apartment, Appellant attacked the victim again, overpowered him, and demanded more money. *Id.* at 34–35. The credited testimony of the victim alone was sufficient to support Appellant's convictions. Thus, even if this issue were not waived, we would conclude that Appellant has not suffered a due process violation based on the lack of sufficient evidence to support his convictions.

Appellant's final claim of a due-process violation alleges prosecutorial misconduct. Appellant's Brief at 16. This claim is waived. Appellant did not assert such issue in his Pa.R.A.P. 1925(b) statement ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), nor was it included in Appellant's statement of questions involved pursuant to Pa.R.A.P. 2116 ("No question will be

considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

In his final issue, Appellant avers that the PCRA court erred "by failing to grant an evidentiary hearing." Appellant's Brief at 17. "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Because there were no discernable genuine issues of material fact regarding counsel's effectiveness that were properly preserved, we cannot identify any abuse of the PCRA court's discretion in denying Appellant an evidentiary hearing. *Id.*

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: *2/23/2021*

- 16 -